IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIO RAMIREZ-BURGOS,

          Petitioner,

                              CIVIL ACTION
   vs.                         No. 11-3162-RDR

(FNU) HOLLINGSWORTH,

          Respondent.


**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

Petitioner was convicted in the United States District Court for the District of Puerto Rico of aiding and abetting two armed carjackings and using a firearm during the commission of a violent crime. *U.S. v. Ramirez-Burgos*, 181 F.3d 81 (1st Cir. 1999)(Table). He seeks relief from his firearm conviction.

The remedies provided under § 2241 and § 2255 are distinct and well-established. "A petition under ... § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). In contrast, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention and

must be filed in the district that imposed the sentence." *Id.* (citations omitted).  Therefore, the proper remedy for petitioner is an action under § 2255 filed in the district of his conviction, rather than the district of his confinement.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of §2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States,* --- F.3d ----, 2011 WL 915178 *2 (10th Cir. Mar. 15, 2011)(citing 28 U.S.C. § 2255(e); *Bradshaw,* 86 F.3d at 166).  Such a use of § 2241, however, is exceptional. *See Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir.1999)(a finding that § 2255 is inadequate or ineffective will be made only in "extremely limited circumstances.").

The court sees no basis to allow petitioner to proceed under § 2241.  The petition reflects that he also is pursuing relief in the district of his conviction, and it appears petitioner previously sought relief pursuant to § 2255. *Ramirez-Burgos v. U.S.*, 313 F.3d 23 (1st Cir. 2002).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 21st day of October, 2011.

                          S/ Richard D. Rogers
                          RICHARD D. ROGERS
                          United States Senior District Judge